**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mario Casillas, et al, | ) | No. CV 04-1370-PHX-DGC |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| American Honda Motor Company, Inc., et al, | ) | |
| Defendants. | ) | |

On January 4, 2006, the Court held a one hour and 45-minute discovery conference call with the parties. Although fact discovery closed on December 16, 2005, the parties raised a number of new discovery issues. The Court has held numerous discovery conference calls with the parties and has advised them that additional extensions would not likely be granted. *See* Docs. ##128, 178. This Order will address the issues discussed during the January 4, 2006 conference.

1. On or shortly after December 16, 2005, Defendants for the first time disclosed the existence of and statements from a number of witnesses to factual events in the case. The potential testimony of these witnesses appears to be relevant to several critical issues in the case, including the condition of the gas cap on the day of the accident, whether Plaintiffs were aware of problems with the gas cap and had tried to remedy them, use of the vehicle in the days and hours before the accident, the process by which the vehicle was started, use of the vehicle on streets in the neighborhood, and warnings to the victim's father about use of the vehicle. Defendants contend that much of this information directly

1 contradicts the Plaintiffs' sworn testimony. Plaintiffs vigorously dispute the veracity of
2 this new evidence, but there can be no doubt about its potential relevance.

3 The question for the Court, then, is whether the information could have been
4 discovered by Defendants through the exercise of reasonable diligence during the
5 discovery period. Defendants contend that they learned of the information fortuitously
6 when their investigator visited the home of a previously-interviewed neighbor on
7 December 13, 2005, to obtain a final witness statement. Defendants contend that the
8 neighbor disclosed on that date, for the first time, the identity of others in the
9 neighborhood who were directly involved in the relevant events. Defendants contend
10 they acted quickly to contact these individuals in New Mexico and elsewhere and thereby
11 obtained the new information. Defendants further claim that Plaintiffs failed to disclose the
12 identity of these individuals even though they knew of their involvement in the events at
13 issue. For example, Defendants contend that the victim's mother testified during her
14 deposition that the house where some of these individuals were living at the time of the
15 accident was in fact vacant at the time of the accident. Defendants further contend that
16 Plaintiffs failed to disclose their contacts with some of these individuals during the days
17 and hours immediately before the accident despite the fact that the identities of the such
18 individuals had been sought in discovery requests. Thus, Defendants contend, they could
19 not have known about these individuals before their fortuitous discovery on December 13,
20 2005, only three days before the discovery cut-off date.

21 Plaintiffs argue that Defendants should and could have learned of the identities of
22 these individuals earlier in the case. Plaintiffs have obtained a declaration from the
23 neighbor stating that he disclosed the identity of some of these individuals to Defendants'
24 investigator in May or June of 2005. Plaintiffs further assert that the locations of Plaintiffs'
25 residence and surrounding residences have been known to Defendants since June of 2004
26 and that the sister of some of the new witnesses lives next door and could easily have been
27 contacted by Defendants. Plaintiffs argue that the late disclosure of these witnesses
28

- 2 -

1 substantially alters the nature of the case and will prejudice Plaintiffs by requiring
2 extensive additional discovery and expert work.

3 The Court concludes that Defendants have established "good cause" for modifying
4 the discovery schedule in this case. *See* Fed. R. Civ. P. 16(b). Although defense counsel
5 have known of the Plaintiffs' residence and the surrounding neighborhood throughout this
6 litigation, they did not know of the existence of these individuals until shortly before the
7 close of discovery. The neighbor asserts that he mentioned some of the individuals to
8 Defendants' investigator last summer, but the investigator did not report any such
9 communication to defense counsel. Although it may be true that Defendants could have
10 identified these individuals through thorough interviews with the sister who lives nearby
11 or other steps, it also appears true that the identities of these individuals and their contacts
12 with Plaintiffs were not disclosed, whether intentionally or unintentionally, by Plaintiffs in
13 response to discovery requests. The victim's mother testified that the house where some
14 of these individuals lived was vacant at the time of the accident. Thus, without making any
15 determination as to whether the actions of Plaintiffs were proper or improper, it appears
16 that the discovery provided by Plaintiffs failed to disclose these individuals. Because the
17 testimony of these individuals appears to be highly relevant to this case, the Court will
18 extend the discovery schedule to permit its use at trial.

19 The Court will not extend discovery for all purposes. Rather, it will tailor a narrow
20 extension of the discovery periods in order to permit the parties to deal with this newly
21 discovered information. The revised schedule will appear at the end of this Order.

22 2. On the basis of the conference call, the Court ordered Plaintiffs' counsel to
23 disclose the expert files in their possession on January 4, 2006, and to obtain and disclose
24 any additional information from their experts' files on or before the close of business on
25 January 6, 2006. The Court further ordered Plaintiffs' counsel to provide verification for
26 any previous interrogatory answers and supplementation of previous discovery responses
27 on or before the close of business on January 6, 2006.

28

3. Plaintiffs seek to obtain information needed by, and to disclose the opinions of, two additional experts – one concerning halogen treatment of the gas cap in question and another concerning the cost of possible cap modifications. The Court normally would be inclined to deny such a request, but the extension to address other matters will provide an opportunity for this expert work to be completed. Plaintiffs will be permitted to obtain this information and disclose the additional experts by the modified dates set forth below.

4. Defendants seek additional time to produce their expert reports in light of the files of Plaintiffs' experts to be disclosed this week and two newly disclosed experts whose reports were provided on December 16, 2005. The modified schedule set forth below will allow Defendants additional time to respond to Plaintiffs' experts.

5. Discovery in this case is closed. In light of the foregoing, however, the Court will permit the parties to conduct limited additional discovery as follows:

   a. Additional factual discovery may be conducted with respect to the 11 new witnesses and statements disclosed by Defendants' first supplemental disclosure and the 5 new witnesses and statements disclosed by Defendants' second supplemental disclosure. This discovery will be limited to information and issues raised by these new witnesses and their statements. This factual discovery, which may include depositions, shall be completed on or before **February 16, 2006**. No additional extensions will be granted.

   b. Expert disclosures and discovery shall occur on the following schedule:

      i. Plaintiffs shall supplement their existing expert reports to address issues raised by this additional fact discovery, and shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure with respect to the halogen treatment and cap cost experts, no later than **March 16, 2006**.

     ii. Plaintiffs shall make their experts available for deposition between **March 16, 2006 and April 14, 2006**.

     iii. Defendants shall provide full and complete expert disclosures, including final expert reports, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **April 14, 2006**

     iv. Defendants shall make their experts available for deposition between **April 14, 2006 and May 12, 2006**.

     v. Rebuttal reports shall not be filed. Nor shall the parties be permitted to supplement the final reports to be disclosed by Plaintiffs on March 16, 2006 and by Defendants on April 14, 2006.

  c. Dispositive motions shall be filed on or before **June 2, 2006**. The parties are reminded that the Case Management Order establishes a limit of one motion for summary judgment per side. *See* Doc. #18, ¶ 7(b). The parties are also advised that the Court will not be inclined to grant page extensions. They should complete their briefing within the page limits established by the Local Rules.

  d. All other terms of the Court's Case Management Order shall remain in effect.

  DATED this 5th day of January, 2006.

_____
David G. Campbell
United States District Judge

- 5 -