**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Casillas, et al, | No. CV 04-1370-PHX-DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| American Honda Motor Company, Inc., et al, | |
| Defendants. | |

The Court held a discovery conference call with the parties on January 11, 2006. The call concerned the schedule established in the Court's orders of January 5, 2006 and January 11, 2006 for discovery related to newly-found evidence disclosed by Defendants shortly before the discovery cut-off in this case. *See* Doc. ##230, 243. Plaintiffs' counsel described the substantial discovery required as a result of Defendants' newly-found evidence and explained that such discovery could not be completed within the schedule set forth in the Court's orders. Plaintiffs' counsel sought a 120-day extension of all dates.

The Court's order of January 5, 2006 (Doc. #230) made clear that discovery is closed and that additional discovery will be permitted only with respect to issues raised by Defendants' new disclosures. Notwithstanding this limitation, Plaintiffs have persuaded the Court that the existing schedule will not be sufficient to complete the discovery. The Court stated on several occasions that discovery in this case would not be extended, but decided that the new evidence was sufficiently important that it should be available for Defendants' use at trial even at the cost of additional discovery. The Court likewise

concludes that Plaintiffs should be afforded a fair opportunity to conduct discovery concerning the new evidence. As a result, the Court will extend the discovery schedule in this case as set forth below. The parties should not assume from recent events that the Court will continue to grant continuances. It is time for this case to be resolved, and the Court expects to do so under the following schedule.

1. Additional factual discovery may be conducted with respect to the 11 new witnesses and statements disclosed by Defendants' first supplemental disclosure and the 5 new witnesses and statements disclosed by Defendants' second supplemental disclosure. This discovery will be limited to information and issues raised by these new witnesses and their statements. This factual discovery, which may include depositions, shall be completed on or before **April 14, 2006**.

2. Expert disclosures and discovery shall occur on the following schedule:

   a. Plaintiffs shall supplement their existing expert reports to address issues raised by the additional fact discovery permitted in Doc. #230, and shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure with respect to the halogen treatment and cap cost experts, no later than **April 28, 2006**.

   b. Defendants shall provide full and complete expert disclosures, including final expert reports, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **May 26, 2006**.

   c. Plaintiffs shall make their experts available for depositions between **May 29 and June 23, 2006**.

   d. Defendants shall make their experts available for depositions between **June 23 and July 21, 2006**.

   e. Rebuttal reports will not be permitted. Nor shall the parties be permitted to supplement the final reports to be disclosed by Plaintiffs on **April 28, 2006** and by Defendants on **May 26, 2006**.

1         f.         Dispositive motions shall be filed on or before **August 4, 2006**. The parties are reminded that the Case Management Order establishes a limit of one motion for summary judgment per side. *See* Doc. #18, ¶ 7(b). The parties are also advised that the Court will not be inclined to grant page extensions. The parties should complete their briefing within the page limits established by the Local Rules.

        g.         All other terms of the Court's Case Management Order remain in effect.

DATED this 13th day of January, 2006.

_____
David G. Campbell
United States District Judge

- 3 -